UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

SANDIE STARNS,
    Plaintiff,

vs.                                                                                04-1143

HEALTH PROFESSIONALS LIMITED, et al.,
    Defendants

ORDER

This cause is before the court for consideration of the defendants' motion to dismiss the complaint. [d/e 21]. The motion is denied.

I.  BACKGROUND

The plaintiff, Sandie Sterns, brings this action pursuant to 42 U.S.C. §1983 claiming that his Eighth Amendment rights were violated at the Pontiac Correctional Center when the defendants were deliberately indifferent to his serious medical condition. The plaintiff has named two defendants including Health Professionals Limited and Dr. Steven Doughty.

The plaintiff says on March 24, 2002, he "started experiencing" the following symptoms: 1) extreme pain in his stomach and legs, 2) dizzy spells, 3) vomiting, 4) no sense of smell or taste, and 5) constipation. (Comp, p. 2). The plaintiff says he saw Dr. Doughty on March 27, 2002, and told him about his symptoms. The doctor took the plaintiff's blood pressure, pressed on his stomach, and prescribed Tylenol and a laxative. The plaintiff says his blood pressure was very high, but no other action was taken.

The plaintiff says his condition dramatically worsened on March 28, 2002. The plaintiff says he was admitted to the infirmary for observation and X-rays were taken. However, his pain was so severe that he passed out and was taken to an outside hospital. The plaintiff says he was told at the hospital that his blood sugar level was very high and he was lucky to be alive.

The plaintiff claims the policy of the health care provider, Health Professionals Limited, prevented him from getting the appropriate treatment for his diabetes on March 24, 2005. The plaintiff says the only medical conditions that warrant immediate treatment are broken bones, serious bleeding or loss of conscientiousness.

The plaintiff says since he did not fit into any of these categories, he had to fill out a medical request slip and wait to two to three days to be seen by medical staff. The plaintiff says he did not receive any medial care until March 27, and his conditioned worsened on March 28th.

1

The plaintiff has attached documentation to his complaint which states that on March 27, 2002, the plaintiff complained of nausea, vomiting and abdominal pain. He was seen by a physician and scheduled for another appointment in a week. On March 28, 2002, the plaintiff continued to complain of pain and was taken to the infirmary for observation and "ordered treatment of constipation." (Comp., Ex 3)   X-rays and laboratory tests were done and sent for evaluation.

> That evening due to progression of illness and change of clinical status
> he was sent to the local outside hospital for evaluation and stabilization.
> At that time it was identified there was a new onset of diabetic acidosis.
> (Comp, Ex. 3)

The plaintiff was then directed to the Chronic Care Unit and Pontiac Correctional Center for treatment.

The plaintiff is asking for compensatory and punitive damages. The defendants have filed a motion to dismiss.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that state no actionable claim. It is well established that pro se complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521.

When considering whether to dismiss a complaint for failure to state a claim, the court takes the allegations in the complaint as true, viewing all facts and reasonable inferences drawn from those facts in the light most favorable to the Plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990).

## III. ANALYSIS

The defendants argue that the plaintiff has failed to state a claim that his constitutional rights were violated. The plaintiff must pass both an objective and a subjective test in order to establish that the lack of appropriate medical care or delay in medical care violated the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); see also *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir.1997). The first prong requires that a prisoner's medical needs must be objectively sufficiently serious such that "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities." ' *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted); *see also Gutierrez*, 111 F.3d at 1369. A condition may be serious if "failure to treat it could result in further significant injury or unnecessary and wanton infliction of pain.'" *Reed v. McBride*, 178 F.3d 849, 852

(7th Cir. 1999), *quoting Gutierrez*, 111 F.3d at 1373.

The second prong requires that the defendants acted with deliberate indifference. *Farmer*, 511 U.S. at 828. The plaintiff must "show that the prison official was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed to the prisoner's health or safety." *Wynn*, 251 F.3d at 593, *citations ommitted.* A prisoner is not required to show that he or she was "literally ignored." *Sherrod v. Lingle*, 223 F.3d 605, 611 (7th Cir. 2000)(jury could find deliberate indifference, "[i]f knowing that a patient faces a serious risk of appendicitis, the prison official gives the patient an aspirin and an enema and sends him back to his cell."). Deliberate indifference may be inferred "when the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate the person responsible did not base the decision on such a judgment." *Estate of Cole v. Pardue*, 94 F.3d 254, 261-62 (7th Cir. 1996). Deliberate indifference can also "arise by a failure to provide prompt treatment for serious medical needs or by intentionally interfering with treatment once prescribed." *Chapman v. Keltner*, 241 F.3d at 845; *Gutierrez,* 111 F.3d at 1371.("delays in treating painful medical conditions that are not life-threatening can support Eighth Amendment claims."); *Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996)("Pain, fatigue, and other subjective, nonverifiable complaints are in some cases the only symptoms of a serious medical condition."). However, malpractice or disagreement with a doctor's treatment decisions cannot be the basis for an Eighth Amendment challenge. *Steele v. Choi*, 82 F.3d 175, 178-79 (7th Cir. 1996); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996).

The defendants argue that the plaintiff has failed to properly allege that Dr. Doughty was deliberately indifferent to his medical needs. The defendants point out that the complaint states that the doctor did see the plaintiff on March 27, 2002, and treated the plaintiff for what he believed was constipation. When the plaintiff's condition worsened, additional treatment was provided and the plaintiff was taken to the hospital. The defendants also argue that the plaintiff has failed to prove that their was an established policy or practice which caused the delay in his treatment.

The plaintiff responds that he endured pain and suffering for three days before he was even allowed to see a doctor. The plaintiff further states that on March 28, 2002, he had to be carried to the Health Care Unit. The plaintiff says he was in so much pain he could not stand. In addition, he claims that even after the X-rays and tests, he was left in a holding cell until he passed out. Lastly, the plaintiff says the delay in treatment did cause some long term medical problems.

The defendants reply that the plaintiff is attempting to add facts that are not in his complaint and should not be allowed to amend his complaint in his response to the motion to dismiss. First, there are no special pleading rules for prisoner civil rights cases. The plaintiff must simply allege the bare minimum facts necessary to put the defendants on notice of the claims so the defendants can file an answer. *Beanstalk Group, Inc. v. AM General Corp.*, 283 F.3d 856, 863 (7th Cir.2002). *See also Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir.1999). Second, this plaintiff is proceeding pro se. "[F]acts alleged in a brief in opposition to a motion to dismiss..... as well as factual allegations contained in other court filings of a pro se plaintiff may be considered when evaluating the sufficiency of a complaint so long as they are consistent with the allegations of the complaint.

*Gutierrez,* 111 F.3d at 1367 n. 2.  The court finds that the plaintiff's claim in response to the motion to dismiss are consistent with the allegations in his complaint.  The motion to dismiss is denied.

**IT IS THEREFORE ORDERED that:**

**1) The defendants' motion to dismiss the complaint is denied. [d/e 21]**

**2) The defendants must file an answer to the complaint within twenty-one days of this order.**

**3) All discovery in this case must be completed on or before Wednesday, March 1, 2006.**

**2) Any dispositive motions must be filed on of before Monday, April 3, 2006.**

**3) Pretrial and trial dates will be set after the court's consideration of any potential dispositive motions.**

Enter this 29th day of September, 2005.

                                          s\Harold A. Baker
                                    _____
                                        HAROLD A. BAKER
                              UNITED STATES DISTRICT JUDGE